IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00103-FDW

| | | |
|---|---|---|
| WILLIAM I. ERWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ERIC RODRIGUEZ, CHUCK VINES, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of pro se Plaintiff William I. Erwin's Amended Complaint (Doc. No. 12). See 28 U.S.C. §§ 1915A, 1915(e).[1]

### I. BACKGROUND

Plaintiff is a prisoner of the state of North Carolina. He names Eric Rodriquez, identified as a detective employed by the Marion Police Department, and Chuck Vines, identified as an agent with the State Bureau of Investigation, as Defendants in this action brought pursuant to 42 U.S.C. § 1983.

Plaintiff was arrested on May 18, 2016, and charged with murder, attempted robbery, and first-degree burglary. He was interrogated by Defendants. (Plaintiff's Aff. ¶ 1, Doc. No. 12 at 7.) According to Plaintiff's affidavit attached to the Complaint:

> After a few minutes of [interrogation], I attempted to invoke my right to have an attorney present by telling the officers that I did not wish to speak to them any longer without an attorney, and I attempted to remain silent. Instead of honoring this request by stopping all questioning, they discouraged my desire with an implied promise of leniency by telling me that the district attorney would not go easy on me if I did not co-operate with them.

---

[1] On May 11, 2017, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8.)

1

> The proposition of this faulse [sic] promise proved to be the key to causing my will to be [overborne] and my defenses collapsed. From this point forward I was in full compliance with the officers [sic] requests and I scrupulously honored my side of the bargaining chip I thought I had entered into.
>
> During this extensive flow of information the officers gained a considerable amount of knowledge concerning my personal well being. I told them I was intoxicated on controlled substances and suffering from a long term addiction, that I had been deprive[d] of any significant amount of sleep for a long period of time, and I was obviously malnourished and extremely under weight. I told the[m] about my past, and on going mental health issues and that I had been contemplating and attempting to take my own life for the past few weeks. I told them that I had reacquired a shotgun and had [intended] to use it to kill myself had my arrest not occurred.

(Plaintiff's Aff. ¶¶ 2-4.)

Plaintiff contends that Defendants "are responsible for circumventing [his] 5th Amendment protection against compelled self-incrimination" (Am. Compl. 2, Doc. No. 12), and that they "acted with reckless indifference by compelling [him] to confess to a crime" (Am. Compl. 3). He seeks compensatory and punitive damages for the alleged constitutional violation and for pain and suffering. (Am. Compl. 3-4.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A complaint fails to state a claim if after accepting all well-pleaded allegations in the

complaint as true and drawing all reasonable factual inferences from those allegations in the plaintiff's favor, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In order to protect this right against self-incrimination, the Supreme Court has adopted procedural safeguards for criminal suspects. See Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966). Law enforcement officers must provide Miranda warnings to suspects in custody prior to interrogation. Id. Once the suspect invokes his or her right to counsel, the custodial interrogation must cease until an attorney is present or the suspect reinitiates conversation with the police. See Edwards v. Arizona, 451 U.S. 477, 484–85 (1981).

While Plaintiff's allegations *might* suffice to prevent the use in a criminal trial of any statements he made to Defendants after requesting counsel, violations of Miranda procedures do not form the basis of a § 1983 claim for damages. See Chavez v. Martinez, 538 U.S. 760, 772 (2003) ("Chavez's failure to read Miranda warnings to Martinez did not violate Martinez's

3

constitutional rights and cannot be grounds for a § 1983 action."); see also Jones v. Cannon, 174 F.3d 1271, 1291 (11th Cir. 1999) ("[F]ailing to follow Miranda procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created."). That is so because Miranda safeguards are "not themselves rights protected by the Constitution, but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected." Michigan v. Tucker, 417 U.S. 433, 444 (1974). Thus, in Chavez, a plurality of the Supreme Court held that Fifth Amendment violations can occur only in the context of criminal prosecutions, and as a result, coercive or uncounseled questioning by law enforcement officers does not amount to a freestanding constitutional violation needed to support a § 1983 claim. 538 U.S. at 772-73. It is not until statements obtained in violation of Miranda safeguards are used against a defendant at trial, "that a violation of the Self-incrimination Clause occurs." Id. at 767.

Here, Plaintiff's contention that Defendants violated his Fifth Amendment rights by subjecting him to a coercive custodial interrogation does not state a claim of a constitutional violation because he does not allege that the statements he made were used against him in his criminal prosecution. See e.g. Burrell v. Virginia, 395 F.3d 508, 513-14 (4th Cir. 2005) (concluding pursuant to Chavez that a § 1983 complaint failed to state a claim where plaintiff did "not allege any trial action that violated his Fifth Amendment rights"). Because Plaintiff has not stated a claim of a constitutional violation, he has not stated a claim for relief under § 1983.

**IV: CONCLUSION**

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(e)(2). The Court shall dismiss the Amended Complaint without prejudice, however, so as not to foreclose Plaintiff's ability to pursue relief in a future, properly-pleaded

constitutional rights and cannot be grounds for a § 1983 action."); see also Jones v. Cannon, 174 F.3d 1271, 1291 (11th Cir. 1999) ("[F]ailing to follow Miranda procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created."). That is so because Miranda safeguards are "not themselves rights protected by the Constitution, but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected." Michigan v. Tucker, 417 U.S. 433, 444 (1974). Thus, in Chavez, a plurality of the Supreme Court held that Fifth Amendment violations can occur only in the context of criminal prosecutions, and as a result, coercive or uncounseled questioning by law enforcement officers does not amount to a freestanding constitutional violation needed to support a § 1983 claim. 538 U.S. at 772-73. It is not until statements obtained in violation of Miranda safeguards are used against a defendant at trial, "that a violation of the Self-incrimination Clause occurs." Id. at 767.

Here, Plaintiff's contention that Defendants violated his Fifth Amendment rights by subjecting him to a coercive custodial interrogation does not state a claim of a constitutional violation because he does not allege that the statements he made were used against him in his criminal prosecution. See e.g. Burrell v. Virginia, 395 F.3d 508, 513-14 (4th Cir. 2005) (concluding pursuant to Chavez that a § 1983 complaint failed to state a claim where plaintiff did "not allege any trial action that violated his Fifth Amendment rights"). Because Plaintiff has not stated a claim of a constitutional violation, he has not stated a claim for relief under § 1983.

**IV:	CONCLUSION**

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(e)(2). The Court shall dismiss the Amended Complaint without prejudice, however, so as not to foreclose Plaintiff's ability to pursue relief in a future, properly-pleaded

complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiff's 42 U.S.C. § 1983 Amended Complaint (Doc. No. 12) is **DISMISSED** without prejudice.

Signed: September 13, 2017

Frank D. Whitney
Chief United States District Judge